PEOPLE, PLAINTIFF AND APPELLANT, v JUSTINIANO, DEFENDANT AND APPELLEE.

Appeal from the District Court of Mayagüez in a Prosecution for Seduction.

No. 1960.—Decided December 18, 1922.

INDICTMENT — GRAND JURY—DISMISSAL OF CHARGE—SECOND INVESTIGATION.—In accordance with section 39 of the Grand Jury Act of 1919, an indictment

containing the same charge which had been· dismissed by one grand jury and was .again submitted to another grand jury without an order of the court should be quashed.

The facts are stated in the opinion.

*Mr. José E. Figueras, Fiscal,* for the appellant.

*Mr. A. A. Vázquez* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an appeal taken by the district attorney from an, order .of the district court quashing an indictment. ·

On June 14, 1922, the defendant was arraigned under an indictment found by a grand jury on the 10th of the same month.   He moved to quash the indictment ''because the same charge had been made against the defendant before another grand jury and was dismissed, as appears from the record in criminal case No. 351 of this court, which was dismissed, and this new charge has been submitted to this grand jury without first obtaining an order or authorization ·of this court.''

These allegations having been proved, the court quashed the indictment and the district attorney took this appeal.

The applicable statute is section 39 of Act No. 58 of 1919 establishing the grand jury.   It reads as follows:

''That·the ·dismissal of any charge by the Grand Jury shall..bar the submission of the same charge to another Grand Jury, except by order of the court.

The question is so clear that it is inconceivable why an appeal was taken.

The district attorney cites the doctrine laid down by the Supreme Court of California in *Ex Parte Clarke,* 54, Cal. 412, wherein, construing a statute essentially similar .to ours, it was said:

''Such a dismissal is in the nature of a judgment of nonsuit; and, as the defendant in such case has never been put in jeopardy, within the meaning of the Constitution, it is not a bar to another'

prosecution. It ends the action commenced by the complaint upon which the magistrate issued his warrant of arrest; but a new action on behalf of the people may be commenced at any subsequent day, either by presentment of a grand jury, or by a complaint filed with any magistrate.''

The jurisprudence is both wise and correct, but the California court did not say that the order of the court required by the statute is not necessary for the filing of the new indictment.

The order appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.